```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| OLUYOMI ODUMOSU, | : | CIVIL ACTION NO. 06-63 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| FRANCIS E. BLANCO, et al., | : |  |
| Defendants. | : |  |

**THE COURT** having issued an order to show cause why the action should not be stayed and administratively terminated with leave to reopen, for good cause shown, pending disposition of the related state proceedings through the administrative and state court levels (dkt. entry no. 4); and it appearing that this is an action, <u>inter</u> <u>alia</u>, to recover damages pursuant to 42 U.S.C. § 1983 ("Section 1983 Claim"); and the plaintiff alleging that she was wrongfully terminated from her employment with the Department of Recreation, Natural Resources and Culture for the defendant City of Trenton (Compl., at 2, 7); and the defendants removing the action from state court based on the Section 1983 Claim (Rmv. Not., at 2); and the plaintiff alleging in the complaint that the subject matter of this action is being addressed in an "appeal[] [from] her termination to the New Jersey Department of Personnel, and that appeal is pending at the New Jersey Office of Administrative Law [under] OAL Docket No. CSVLT 04325-2005S, Agency Ref. No. 2005-2312-I" (Compl., at 17); and

**IT APPEARING** that a district court should abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982), Younger v. Harris, 401 U.S. 37, 43-54 (1971); and it also appearing that a district court should stay a federal action — rather than dismiss the complaint — if the state proceedings are administrative in nature, in order to assure the federal claims are actually resolved, Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court without discretion to dismiss rather than stay monetary-relief claim that may not be redressed in state proceeding), Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994) (table decision); and it appearing that a state administrative proceeding is considered to be a "proceeding" under Younger, see Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same), N.J.Ct.R. 2:2-3 (setting forth procedure for further state-court review); and

**THE COURT** having been inclined to stay and administratively terminate this action with leave to reopen; and the Court having

reviewed the papers submitted in support of and in opposition to the order to show cause; and

**THE PLAINTIFF**, in response to the order to show cause, stating that (1) the Section 1983 Claim "could be effected [sic] by the outcome of the administrative proceeding" (2-6-06 Lehmann Cert., at 5; see 2-6-06 Pl. Br., at 22 (stating "there is a possibility that the adjudication of the . . . administrative proceeding could preclude Plaintiff from asserting her 1983 action as to her termination")), and (2) the proceeding "is currently pending at the New Jersey Office of Administrative Law" (2-6-06 Pl. Br., at 8); and thus the Court intending to stay and administratively terminate this action with leave to reopen, for good cause shown, pending disposition of the related state administrative proceedings through the administrative and state court levels; and it appearing that the decision whether to issue a stay pursuant to Younger abstention is a matter within the Court's discretion, see Prevost v. Twp. of Hazlet, 159 Fed.Appx. 396, 397 (3d Cir. 2005) (stating decision to abstain reviewed for abuse of discretion); and it appearing that the Court is authorized to order the aforementioned stay, cf. id. at 398 (reversing order granting motion to dismiss Section 1983 claim where plaintiff brought state administrative proceeding to contest termination, as (1) proceeding had since concluded, and (2) "[a]t most," the district court "could have stayed this suit

3

pending the conclusion of the state appeals");[1] and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                                 s/ Mary L. Cooper
                                               **MARY L. COOPER**
                                               United States District Judge

---

[1] To the extent that <u>Antonelli v. New Jersey</u>, 310 F.Supp.2d 700, 711-12 (D.N.J. 2004), <u>aff'd on other grounds</u>, 419 F.3d 267 (3d Cir. 2005) — which is relied on by the plaintiff in opposing abstention (<u>see</u> 2-6-06 Pl. Br., at 14) — holds to the contrary, the Court declines to follow it.

[2] The Court, in light of this disposition, will deny (1) the plaintiff's motion to remand the action to state court, and (2) the cross motion by the defendant City of Trenton to dismiss the complaint insofar as asserted against it without prejudice. (<u>See</u> dkt. entry nos. 6 & 8.)